UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GAVONTYE LOTT | ) | CASE NO. 5:25-CV-01246 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| AKRON POLICE DEPARTMENTI, et al., | ) | **ORDER AND DECISION** |
| | ) | (Resolving Doc. 11) |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before this Court is Defendants Akron Police Department, Sergeant Adam Guilmette, Officer Bret Warrick, and the City of Akron's joint motion for judgment on the pleadings. Doc. 11. Plaintiff Gavontye Lott opposed the motion and Defendants replied. Docs 12, 13. For the reasons set forth below, the Court GRANTS Defendants' motion and DISMISSES the complaint in its entirety.

## I.   STATEMENT OF FACTS

Defendants set for the following statement of facts, which upon review of the complaint, the Court adopts:

Defendants Guilmette and Warrick are police officers employed by the City of Akron, which is a municipality. Complaint, ¶ 5-7.

Plaintiff was a passenger in a vehicle driven by Anthony Driver on August 3, 2024, when Driver's car was stopped by Akron Police Officers 'including' Sgt. Guilmette for failure to use a turn signal. Complaint, ¶ 8-9. Unnamed officers stated they saw under the passenger seat a firearm that Driver knew was present and that Driver claimed belonged to his girlfriend; the girlfriend disclaimed owning it, and while Plaintiff states he was not aware that the gun was under the seat in which he was sitting, Plaintiff was arrested for possession of the firearm. Complaint, ¶ 10-14. Plaintiff spent five days in jail following the arrest. Complaint, ¶ 15.

Next, Plaintiff was in a vehicle with his mechanic on January 8, 2025, and noticed

1

> Officer Warrick following in a cruiser. Complaint, ¶ 17-18. Warrick did not stop Plaintiff's vehicle. Complaint, ¶ 19. Warrick circled the area after Plaintiff stopped at a house, and continued to watch Plaintiff and the mechanic walk to a drive-thru and back. Complaint, ¶ 20-23.
>
> Plaintiff stated he began video recording Warrick, who approached Plaintiff and asked whether Plaintiff lived at the house where he had parked. Complaint, ¶ 24-25. Plaintiff stated he didn't but knew the residents. Complaint, ¶ 26.
>
> Officer Warrick asked to see Plaintiff's driver's license, and Plaintiff states Warrick threatened to tow Plaintiff's vehicle and revoke Plaintiff's driving privileges, after which Plaintiff showed Warrick his license. Complaint, ¶ 27-29. Plaintiff refused Warrick permission to search the vehicle, and said Warrick refused to call a supervisor as Plaintiff requested. Complaint, ¶ 30-31. Plaintiff further states that Warrick told another unnamed officer that Plaintiff had been "arrested for a gun back in August." Complaint, ¶ 32.

Doc. 12, p. 11-12.

## II.      STANDARD OF REVIEW

Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The standard for reviewing a judgment on the pleadings under Fed.R. 12(c) is the same as the standard for reviewing a motion to dismiss under Fed.R. 12(b)(6). The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.' *Id.*

(internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing 'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'), characterizing that rule as one 'best forgotten as an incomplete, negative gloss on an accepted pleading standard.' *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## III.    ANALYSIS

Plaintiff sets forth four causes of action in his complaint. Doc. 1-1, p. 7-8

1. Violation of 42 U.S.C. §1983, alleging his Fourth Amendment to the U.S. Constitution were violated due to his "false arrest & illegal detention" during a traffic stop.
2. Civil Rights Violation under the Ohio Constitution, asserting that Officer Warwick conducted an unlaw stop and detained him without reasonable suspicion or probable cause.
3. Malicious Prosecution by Sergeant Guilmette.
4. Harassment and Retaliation by Officer Warwick.

### A.      Akron Police Department

Plaintiff has named the Akron Police Department ("APD") as a defendant in this case. Doc. 1-1. However, police departments are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. See *Wagner v. City of Canton*, No. 5:19-cv-377, 2020 U.S. Dist. LEXIS 54537, 2020 WL 1514551, at *1 n.2 (N.D. Ohio Mar. 30, 2020) (finding that Canton Police Department is not *sui juris*). Instead, the real party in interest is the City of Akron ("City"). *Id*. Accordingly, the APD is DISMISSED.

### B.      <u>Count One: 42 U.S.C. § 1983</u>

Count One assert a violation of 42 U.S.C. §1983. A person is liable under § 1983 who "under color of" state law "subjects, or causes to be subjected," another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. Accordingly, Plaintiff must allege that 1) he suffered a 'deprivation' of a constitutional right. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970), and 2) the defendant acted 'under color of' state law when inflicting this injury. *See Harcz v. Boucher*, 763 F. App'x 536, 540 (6th Cir. 2019).

#### 1.      The City of Akron

To the extent that Count One is construed to include the City of Akron, it is dismissed. Municipalities may be held liable under §1983 only "when execution of [the municipality's own] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts [an] injury that the government as an entity is responsible [for] under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff contends that "Defendant City of Akron is a municipality that employs both officers and is responsible for their actions." Doc. 1, ¶7. This is the only mention of the City in the complaint.  Defendants contend that "Plaintiff has not made any factual allegations that would tend to show that the officers' actions were guided by any deliberately-made City of Akron policy. This failure is fatal to his claims against the City. Plaintiff's Complaint, therefore, does not satisfy *Iqbal's* pleading standards regarding any liability by the City under 1983, and the City is entitled to judgment in its favor as to Count I." Doc. 11, p. 8. In response, Plaintiff contends that he alleges that the City "maintained customs or policies of arresting individuals without probable cause or failing to properly train and supervise officers, directly causing Plaintiff's injury." Doc. 12, p. 3.

To state a valid cause of action, Plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

Even construing Plaintiff's complaint liberally, there are no allegations that the City maintained a custom or policy to arrest individuals without probable cause or that it failed to train and/or supervise the officers, let alone any facts to support such claims.  Accordingly, Plaintiff's claims against the City fails.

### 2.    Sergeant Guilmette

Plaintiff appears to confine his §1983 claim to Sergeant Guilmette. Doc. 1-1, ¶35. Plaintiff asserts that Sergeant Guilmette arrested him without probable cause on August 2, 2024, in violation of his Fourth Amendment rights, and that he was jailed for five days without lawful justification. Doc. 1-1, ¶¶35, 36.

Notably, Plaintiff does not indicate whether he brings his complaint against Sergeant

5

Guilmette and Officer Warrick in their official or individual capacities. Doc. 1. In the Sixth Circuit, a plaintiff is required to "'set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials.' 'Absent a specification of capacity, it is presumed that a state official is sued in his official capacity.' *Nakia Bohanon v. Vantell*, No. 1:22-cv-01161-SHM-tmp, 2025 U.S. Dist. LEXIS 76332, at *5-6 (W.D. Tenn. Apr. 22, 2025) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). Accordingly, the Court construes Plaintiff's claims against Seargeant Guilmette and Officer Warrick as official capacity claims. *Id*.

> When government employees like the Defendants are sued in their official capacities, the action 'is equivalent to a suit against the entity on whose behalf [the employees] act[],' here Athens County. *Johnson*, 398 F.3d at 877 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). In turn, a municipality like Athens County 'cannot be held liable under §1983 on a respondeat superior theory.' *Id*. (quoting *Monell*, 436 U.S. at 691). Rather, municipalities incur §1983 liability only when the plaintiff's injuries are the result of a custom or policy of the municipality. Id.

*Knott v. Sullivan*, 418 F.3d 561, 574-75 (6th Cir. 2005). Therefore, Plaintiff must allege facts that demonstrate that Seargeant Guilmette and Officer Warrick violated his Fourth Amendment rights as a result of a policy or custom of the City. *Id*. As noted above, Plaintiff's complaint makes no such showing. Accordingly, Plaintiff's §1983 claim is DISMISSED.

### C.     Count Three: Malicious Prosecution

In Count Three, Plaintiff contends that Sergeant Guilmette's actions resulted in wrongful incarceration for five days. Doc. 1-1, ¶43. Further, Plaintiff contends that "[n]o evidence linked Plaintiff to the firearm, and charges were pursued without justification." Doc. 1-1, ¶ 44 This is the entirety of Plaintiff's claim.

It is unclear whether Plaintiff brings this claim under state or federal law. In an abundance

of cautio, the Court will review both. To establish a claim for malicious prosecution under federal law, Plaintiff must plead that "(1) that a criminal prosecution was initiated against the plaintiff and that the defendant ma[d]e, influence[d], or participate[d] in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty ... apart from the initial seizure; and (4) that the criminal proceeding must have been resolved in the plaintiff's favor." *Jones v. City of Elyria, Ohio*, 947 F.3d 905, 918 (6th Cir. 2020) (emphasis added), citing *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010). Under state law, Plaintiff must establish "malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Rogers v. Barbera*, 170 Ohio St. 241, 241 (1960), syllabus ¶1.

Plaintiff's complaint makes no mention of the outcome of any prosecution. Accordingly, Plaintiff fails to state a claim under either state or federal law.   Count Three is DISMISSED.

### D.      State Claims

Plaintiff's remaining claims sound in state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims. Counts Two and Four are DISMISSED.

## IV.     CONCLUSION

Defendants' motion for judgment on the pleadings is GRANTED. This matter is hereby DISMISSED in its entirety.

**IT IS SO ORDERED.**


Date: <u>March 19, 2026</u>                                        <u>*/s/ John R. Adams*</u>
                                                              **U.S. District Judge**